```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

GARY FLYNN,

       Plaintiff,

vs.                                  Case No.: 8:11-cv-2054-T-33AEP

POLK COUNTY; ABC MUNICIPAL
CORPORATIONS 1-5; RICHARD ROES
1-5; MICHAEL PATRICK THOUROT;
SHERRI DEVRIES THOUROT; JOHN
DOES 1-5; AND XYZ CORPORATIONS
1-5,

       Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Defendant Polk County's Motion to Dismiss Complaint (Doc. # 15), filed on December 7, 2011. Plaintiff filed a response in opposition on December 21, 2011 (Doc. # 16). For the reasons that follow, the motion is granted in part and denied in part.

**I.**    **Background**

    On October 3, 2009, Plaintiff visited a gun range that was "maintained and cared for" by Defendant Polk County. (Doc. # 1 at ¶¶ 11, 13). While there, Plaintiff was shot through the throat and shoulder when a firearm in the possession of Defendants Michael Thourot and Sherri Thourot "discharged numerous bullets." (Id. at ¶ 14). Plaintiff filed his complaint on September 9, 2011, naming Polk County, Michael

Thourout, Sherri Thourot, and several fictitious parties as defendants. (Id.). In the complaint, Plaintiff alleges counts for negligence and negligent supervision against Polk County and ABC Municipal Corporations 1-5, and includes Richard Roes 1-5 in the count for negligent supervision. (Id.). Plaintiff alleges a separate count for negligence against Michael and Sherri Thourot.[1] (Id.).

Polk County now moves to dismiss the counts against it on the basis that they are barred by sovereign immunity. (Doc. # 15 at ¶ 1). Polk County also requests the dismissal of the fictitious parties. (Id. at 3).

## II. Legal Standard

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994)(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light

---

[1] Following their failure to respond to the complaint, the Clerk entered a default against Michael and Sherri Thourot on April 17, 2012. (Doc. ## 20-21).

most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In all, determining whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Aschroft v. Iqbal, 556 U.S. 662, 679 (2009).

-3-

**III. Analysis**

Defendant Polk County argues that Count I for negligence is barred by sovereign immunity. In his response, Plaintiff appears to concede this argument as to Count I and has withdrawn the Count. Accordingly, only Count II for negligent supervision is at issue here.

**A.   Fictitious Parties**

As an initial matter, the Court notes that Count II is pled against Polk County as well as fictitious defendants ABC Municipal Corporations 1-5 and Richard Roes 1-5. Polk County argues that the fictitious defendants should be dismissed because fictitious-party pleading is not permitted in federal court. While Defendant's statement of the general rule is accurate, the Eleventh Circuit recognizes a limited exception where the plaintiff is suing a real party that does exist but whose identity the plaintiff is unable or unwilling to disclose. Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). In such a case, the plaintiff's description of the defendant must be sufficiently specific that the defendant may be identified for service. Id. (finding plaintiff's description of defendant as "Chief Deputy of the Jefferson County Jail John Doe" sufficient for service).

Here, Plaintiff has not adequately described ABC

Municipal Corporations 1-5 and concedes that they should be dismissed. Plaintiff does not adequately describe or plead any counts against John Does 1-5 or XYZ Corporations 1-5. Accordingly, the Court dismisses these defendants as well. However, Plaintiff includes Richard Roes 1-5 in Count II and describes these defendants as individuals "who supervised and were responsible for use of firearms by members of the public." (Doc. # 1 at ¶ 3). Plaintiff asserts that such individuals include at least one "range master" who was on duty at the time of the incident and states that once Plaintiff learns the names of such persons, he will amend the complaint to substitute their legal names. The Court finds that Plaintiff has sufficiently described the identify of Richard Roes 1-5 to withstand a motion to dismiss and will allow Plaintiff the opportunity to discern the identity of such individuals, if possible, through discovery.

### B. **Negligent Supervision**

Plaintiff alleges in Count II that Defendants "owed Plaintiff and other patrons a duty to supervise the activities of patrons and the firearms that those patrons discharged under the existing circumstances, which include the likelihood of injury to a third party, the potential that such injury would be serious in nature, and the burden of avoiding risk."

(Doc. # 1 at ¶ 31). Plaintiff further alleges that Defendants breached that duty when they negligently failed to supervise Michael and Sherri Thourot discharging their Jennings 9 millimeter firearm, which Plaintiff alleges was "notorious for malfunctioning and randomly discharging bullets." (Id. at ¶ 32). Polk County argues that Count II should be dismissed because Plaintiff fails to allege a plausible claim that it breached any duty to supervise the patrons of the gun range.

Under Florida law, a governmental entity has the discretionary authority to operate or not operate a recreational facility and is immune from suit on that discretionary decision. Avallone v. Bd. of Cnty. Comm'rs of Citrus Cnty., 493 So. 2d 1002, 1005 (Fla. 1986). However, once the governmental entity decides to operate the recreational facility, "it assumes the common law duty to operate the facility safely, just as a private individual is obligated under like circumstances." Id. Polk County argues that the limited standard of care Florida law places upon private landowners who host a "typical recreation activity" applies in this case. Dennis v. City of Tampa, 581 So. 2d 1345, 1349 (Fla. 2d DCA 1991). Such duty generally requires a private landowner only to protect invitees from risks that are reasonably foreseeable, including providing a reasonable

response when the landowner has actual or constructive knowledge of a third party's dangerous conduct. Id.; Hill v. City of N. Miami Beach, 613 So. 2d 1356, 1357 (Fla. 3d DCA 1993). Defendant argues that this standard of care was met in this case, and as such, Plaintiff cannot hold it liable for a "mere accident" that occurred in the public gun range.

However, while Defendant's recitations of law are correct, Defendant leaves out a notable caveat: Under Florida law, "[w]hen [a] governmental subdivision sponsors or schedules an unusually dangerous activity at a park or has reason to anticipate a crowd so large that a private landowner would be obligated to provide supervision under like circumstances, the standard of care required of a governmental subdivision may create a jury question." Dennis, 581 So. 2d at 1349; see Collazos v. City of W. Miami, 683 So. 2d 1161, 1164 (Fla. 3d DCA 1996) (holding that where the city exercised its discretion to provide adult supervision for children in after school park activities, the city was required to perform this service in a reasonably prudent manner); Avallone, 493 So. 2d at 1005 (holding that where a county undertakes to operate a swimming facility, it must do so safely).

Defendant surmises that Plaintiff's claim would essentially impose a "nonsensical" duty on Defendant to

"inspect the safety of every firearm, which would have to include whether the patrons have made dangerous modifications, are using appropriate ammunition, or are well-trained in gun handling." (Doc. # 15 at 13). Defendant argues that Plaintiff has offered no basis for such a duty. However, in the complaint, Plaintiff has alleged that Defendant, a government entity, maintained a publicly accessible gun range. Given that Florida courts have found such things as swimming pools to be unusually dangerous, a gun range could certainly qualify as such, thereby creating a jury question as to what standard of care Defendant was required to meet. Accordingly, it is inappropriate for the Court to determine the proper standard of care on a motion to dismiss.

Plaintiff has alleged that Defendant had a duty to supervise and breached its duty by failing to supervise the Thourots, despite having notice that the Thourots' gun was "notorious for malfunctioning and randomly discharging bullets." (Doc. # 1 at ¶ 32). Plaintiff has alleged that he suffered injury due to the negligent supervision. (Id. at ¶ 34). Accordingly, under the facts alleged in the complaint, the Court finds that Plaintiff has sufficiently alleged a cause of action for negligent supervision and denies the motion to dismiss Count II of the complaint.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

(1) Defendant Polk County's Motion to Dismiss (Doc. # 15) is **GRANTED** as to Count I of the complaint and as to defendants ABC Municipal Corporations 1-5, John Does 1-5, and XYZ Corporations 1-5.

(2) ABC Municipal Corporations 1-5, John Does 1-5, and XYZ Corporations 1-5 are dismissed from this action.

(3) Defendant's Motion to Dismiss is **DENIED** as to Count II of the complaint and as to defendants Richard Roes 1-5.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of April, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record