UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY FLYNN,

       Plaintiff,

v.                                    Case No. 8:11-cv-2054-T-33AEP

POLK COUNTY, ET AL.,

       Defendants.
_____/

## ORDER

This matter comes before the Court <u>sua</u> <u>sponte</u>.  On April 17, 2012, the Clerk of the Court issued its Entry of Default (Doc. ## 20, 21) against Defendants Michael Patrick Thourot and Sherri Davries Thourot.  Local Rule 1.07(b), M.D. Fla., states:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed.R.Civ.P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed.R.Civ.P., and shall then **proceed without delay to apply for a judgment pursuant to Rule 55(b), Fed.R.Civ.P.,** failing which the case shall be subject to dismissal sixty (60) days after such service without notice and without prejudice; provided, however, such time may be extended by order of the Court on reasonable application with good cause shown.

Although Plaintiff technically has 60 days from the entry of Clerk's default to apply for a default judgment, the Court advises Plaintiff that it should move forward without delay in seeking a default judgment in an effort to bring this matter

toward its final resolution.   In addition, the Court puts Plaintiff on notice that extensions of the aforementioned 60 day deadline are disfavored.

Additionally, on February 27, 2012, the Court entered an order directing Plaintiff to show cause why this case should not be dismissed for lack of prosecution due to the non-filing of a Case Management Report within the time prescribed by Local Rule 3.05. Plaintiff filed a response on March 9, 2012, (Doc. # 18), stating that the parties would file a Case Management Report after determining whether the Thourots intended to appear in this case or whether it would be necessary to seek an entry of default against them.   The Court finds that such reason does not constitute good cause for failing to file a Case Management Report in the time prescribed by Local Rule 3.05.   This is especially true given that there remains another Defendant, Polk County, whose participation in this case has never been in doubt. Accordingly, the parties are ordered to confer and submit a Case Management Report as prescribed by Local Rule 3.05 within **21 days** of the date of this Order.   Failure to do so may result in this action being dismissed for lack of prosecution pursuant to Local Rule 3.10.

2

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiff is directed to move forward with its application for default judgment without delay.

(2)   The parties are directed to confer and submit a Case Management Report as prescribed by Local Rule 3.05 within **21 days** of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of May, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record