UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY FLYNN,

        Plaintiff,

v.                       Case No. 8:11-cv-2054-T-33AEP

POLK COUNTY, ET AL.,

        Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Gary Flynn's Agreed Motion to Schedule Court Ordered Mediation (Doc. # 56), filed on February 1, 2013.  For the reasons that follow, the motion is denied.

**Discussion**

On May 29, 2012, the Court entered its Case Management and Scheduling Order, which, among other things, set the dispositive motion filing deadline at December 10, 2012,  set the final pretrial conference for March 7, 2013,[1] and set the case on the April 2013 trial term. (Doc. # 29).  On May 30, 2012, this Court entered an Order Referring Case to Mediation, which established November 30, 2012, as the deadline for conducting Court-ordered mediation. (Doc. # 30).  On June 20,

_____

[1]  The date for the final pre-trial conference was subsequently changed by Court order to March 14, 2013. (Doc. # 54).

2012, the Court entered an Order appointing the parties' selected certified mediator, David C. Dale, Esq. as mediator in this action and scheduling the mediation for November 16, 2012. (Doc. # 41).

On November 7, 2012, Plaintiff filed an agreed motion requesting permission to reschedule the mediation for January 23, 2013. (Doc. # 43).  The motion stated that the parties had been engaged in settlement negotiations and that Plaintiff had made a settlement demand which Defendant Polk County's Board would not be able to convene and consider prior to the scheduled November 16, 2012, mediation.  (Doc. # 43-1).  In light of those unique circumstances, the Court granted the motion on November 9, 2012, and allowed the mediation to be rescheduled for January 23, 2013, notwithstanding the November 30, 2012, mediation deadline.  (Doc. # 44).

On January 28, 2013, after failing to receive a timely report regarding the mediation outcome, the Court entered an order directing the parties to advise the Court as to the status of the mediation including whether it was conducted as scheduled and if so, whether the parties reached a settlement or an impasse.  (Doc. # 55).  On February 1, 2013, Plaintiff filed the instant motion requesting the court to order mediation be held on May 13, 2013, and adjusting the pre-trial

2

conference and trial dates accordingly.  (Doc. # 56).

The affidavit of Plaintiff's counsel filed in support of
the motion notes that on December 10, 2012, Defendant filed a
summary judgment motion which is currently pending before the
Court.  (Doc. # 56-1).  The affidavit states that the parties
agreed "that the decision on the motion for summary judgment
will determine how the parties will proceed with this matter
and, therefore, we adjourned the mediation that was scheduled
for January 23, 2013." Id.  However, the parties did not seek
or receive permission from the Court prior to cancelling the
mediation, and, therefore, it was improper for the parties to
unilaterally cancel the mediation without the Court's
permission.

Moreover, as noted above, the mediation deadline was
originally set in this case for November 30, 2012, prior to
the dispositive motion filing deadline of December 10, 2012,
in an effort to spare the parties the time and expense of
filing dispositive motions in the event mediation resulted in
settlement.  The mediation was moved beyond the deadline and
beyond the dispositive filing date to January 23, 2013, only
at the parties' request and for their convenience.  Thus, the
Court is surprised and disappointed that the parties now seek
to use the pending summary judgment motion as reason to

further delay mediation, given that the motion would not have been pending had the parties complied by the original Court-ordered mediation deadline and given that the parties should have expected such a motion would likely be pending when they originally requested to push mediation back by two months.

The Court "must take an active role in managing cases on [its] docket." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). The Court has already granted the parties' a two-month extension of the mediation deadline and extending the mediation until May 13, 2013, would necessitate pushing the final pretrial conference and trial back by several months. The Court determines that the mere fact that a summary judgment motion is pending does not provide good cause for further extending the mediation deadline and delaying the trial in this matter. As stated in Chudasama, 123 F.3d at 1366, this Court enjoys broad discretion "in deciding how best to manage the cases before [it]" and, at some point, this Court must say "enough is enough." Thus, under the circumstances of this case, the Court determines that it is appropriate to deny Plaintiff's agreed motion.

However, the parties cannot hope to escape the Court's mediation requirement merely by missing the deadline for it. Thus, the Court will sua sponte extend the mediation deadline

to **March 7, 2013**.  Accordingly, the Court directs Plaintiff to file a Notice of Mediation on or before **February 14, 2013**, which provides the date, time, and location of the re-scheduled mediation conference.

The parties are advised that no further extensions of the deadline to conduct mediation will be allowed.  Furthermore, the parties are reminded that all counsel, parties, corporate representatives, and any other required claims professionals must be present at the mediation conference with full authority to negotiate a settlement.  The Court does not allow mediation by telephone or video conference.  Personal attendance is required. See Local Rule 9.05(c).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Plaintiff Gary Flynn's Agreed Motion to Schedule Court Ordered Mediation (Doc. # 56) is **DENIED.**

(2)  The parties' deadline for completing mediation is <u>sua</u> <u>sponte</u> extended to **March 7, 2013.**

(3)  Plaintiff shall, by **February 14, 2013**, advise the Court of the date, time, and location of the re-scheduled mediation conference.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u>

5

day of February, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel of Record