UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY FLYNN,

    Plaintiff,

v.                              Case No. 8:11-cv-2054-T-33AEP

POLK COUNTY, ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Gary Flynn's Motion to Scheduled Court Ordered Mediation (Doc. # 61) and Plaintiff's Response to Order to Show Cause (Doc. # 62), both filed on March 1, 2013. For the reasons that follow, the motion is denied and the parties are ordered to comply with the Court's previous Orders directing mediation to be conducted by March 7, 2013.

**Discussion**

On May 29, 2012, the Court entered its Case Management and Scheduling Order, which, among other things, set the dispositive motion filing deadline at December 10, 2012, set the final pretrial conference for March 7, 2013,[1] and set the case on the April 2013 trial term. (Doc. # 29). On May 30,

---

[1] The date for the final pre-trial conference was subsequently changed by Court Order to March 14, 2013. (Doc. # 54).

2012, this Court entered an Order Referring Case to Mediation, which established November 30, 2012, as the deadline for conducting the Court-Ordered mediation. (Doc. # 30). On June 20, 2012, the Court entered an Order appointing the parties' selected certified mediator, David C. Dale, Esq., as mediator in this action and scheduling the mediation for November 16, 2012. (Doc. # 41).

On November 7, 2012, Plaintiff filed an agreed motion requesting permission to reschedule the mediation for January 23, 2013. (Doc. # 43). The motion stated that the parties had been engaged in settlement negotiations and that Plaintiff had made a settlement demand which Defendant Polk County's Board would not be able to convene and consider prior to the scheduled November 16, 2012, mediation. (Doc. # 43-1). In light of those unique circumstances, the Court granted the motion on November 9, 2012, and allowed the mediation to be rescheduled for January 23, 2013, notwithstanding the November 30, 2012, mediation deadline. (Doc. # 44).

On January 28, 2013, after failing to receive a timely report regarding the mediation outcome, the Court entered an Order directing the parties to advise the Court as to the status of the mediation including whether it was conducted as scheduled and if so, whether the parties reached a settlement

or an impasse. (Doc. # 55).

On February 1, 2013, Plaintiff filed a motion requesting the Court to order mediation be held on May 13, 2013, and to adjust the pre-trial conference and trial dates accordingly. (Doc. # 56). The affidavit of Plaintiff's counsel filed in support of the motion stated that the parties agreed to postpone the mediation due to the then-pending motion for summary judgment. (Doc. # 56-1).

On February 4, 2013, the Court entered an Order denying Plaintiff's motion. (Doc. # 57). The Court's Order explained that "the parties did not seek or receive permission from the Court prior to cancelling the mediation, and, therefore, it was improper for the parties to unilaterally cancel the mediation without the Court's permission." Id. at 3. The Court also explained that the then-pending dispositive motion did not provide good cause to postpone mediation, as mediation is mandatory for all parties and must be conducted regardless of the pendency of any motions. The Court also conveyed its disappointment that the parties sought to use the then-pending summary judgment motion as a reason to further delay mediation, given that the original mediation deadline was moved beyond the dispositive motion deadline only at the parties' request and for their convenience. Id. at 3-4.

Due to the parties' failure to comply with the Court's Orders and timely complete mediation, the Court sua sponte extended the mediation deadline to March 7, 2013, and instructed Plaintiff to file a notice by February 14, 2013, advising the Court as to the date, time, and location of the rescheduled mediation conference. Id. at 4-5.

However, Plaintiff once again failed to comply with the Court's Order by failing to file a notice of mediation by February 14, 2013, or at any point thereafter, as required by the Court's February 4, 2013, Order. Accordingly, on February 26, 2013, the Court entered a Show Cause Order directing Plaintiff to show cause on or before March 4, 2013, as to why sanctions should not be imposed for failure to comply with the Court's February 4, 2013, Order. (Doc. # 58).

Plaintiff filed his response to the Court's Show Cause Order (Doc. # 62) and the instant Motion to Schedule Court Ordered Mediation (Doc. # 61) on March 1, 2013. In his response, Plaintiff again explains that "[t]he parties agreed that mediation would be redundant until the then pending motion for summary judgment was decided by this Court." (Doc. # 62 at 1). Plaintiff avers that he "did not notice the direction of the Court to advise the Court of the date, time and location of the rescheduled mediation conference by

4

February 14, 2013 because Plaintiff's position on mediation was dependent on the pending summary judgment motion." Id. at 1-2.

The Court finds Plaintiff's continued regurgitation of this argument surprising, but once again unavailing, as the Court's February 4, 2013, Order instructed Plaintiff, in no uncertain terms, that his position on mediation was untenable and tantamount to the parties agreeing to ignore or violate a Court Order. The Court also finds it frankly hard to believe that Plaintiff "did not notice" the Court's instruction to provide the date, time, and location of the re-scheduled mediation conference by February 14, 2013, as this date was bolded and underlined in the text of the Order, reiterated in bold in the Order's concluding adjudgment and decree, and contained within the docket text entry for the Order. (Doc. # 57 at 5). Thus, the Court finds it highly unlikely that Plaintiff could have simply failed to "notice" such a conspicuous and explicit instruction.

In any event, Plaintiff now requests the Court to enter an Order permitting the parties to schedule mediation on or before March 13, 2013, which is the eve of the final pretrial conference set for March 14, 2013. (Doc. # 61-1 at ¶ 16). Plaintiff states that the parties have not yet scheduled a

5

mediation conference, but "[a]s soon as the parties can agree on a date, Plaintiff will notify the Court." Id. at ¶ 15.

The Court declines Plaintiff's request to allow the parties to further delay their Court-Ordered mediation. After sua sponte extending the mediation deadline to March 7, 2013, the Court previously advised the parties that "no further extensions of the deadline to conduct mediation [would] be allowed." (Doc. # 57 at 5). The Court's directive abides.

Accordingly, the parties are **ORDERED** to conduct mediation pursuant to the rules governing mediation set forth in Chapter Nine of the Local Rules of the Middle District of Florida and in accordance with the Court's prior Orders on or before **MARCH 7, 2013**. Furthermore, Plaintiff is **ORDERED** to file by **5:00 P.M. ON MARCH 5, 2013**, a notice advising the Court of the date, time, and location of the rescheduled mediation conference. If Plaintiff fails to do so or otherwise continues to disregard Court Orders, the Court will not hesitate to revoke counsel's pro hac vice admission to practice in this Court.

The parties are further reminded and instructed that **all counsel, parties, corporate representatives,** and any other required claims professionals **must be present at the mediation**

6

**conference** with full authority to negotiate a settlement. The Court does not allow mediation by telephone or video conference. **Personal attendance is required.** See Local Rule 9.05(c).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion to Scheduled Court Ordered Mediation (Doc. # 61) is **DENIED.**

(2) The parties are **ORDERED** to conduct and attend mediation in person on or before **March 7, 2013.**

(3) Plaintiff is **ORDERED** to file by **5:00 p.m. on March 5, 2013,** a notice advising the Court of the date, time, and location of the re-scheduled mediation conference.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of March, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record